IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STEVEN LEE DUVALL | § | |
| v. | § | CIVIL ACTION NO. 6:24cv115 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Steven Duvall filed this application for the writ of habeas corpus under 28 U.S.C. §2254 challenging the legality of his confinement. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Local Rule CV-72 of the Local Rule of Court for the Eastern District of Texas.

**I. The Petitioner's Application for Habeas Corpus Relief**

Petitioner states and Gregg County on-line judicial records show that he was convicted of debit or credit card abuse on March 11, 2024, a state jail felony, receiving a sentence of 11 months. *See* http://beta.co.gregg.tx.us/OdysseyPA/CaseDetail.aspx?CaseID=1724986. Petitioner states that there was a "presumptive finding" of 20 percent credit for "diligent participation." Although he does not specifically state that he has received credit for time served, Petitioner contends that with all of his time considered, he is past his release date and he has not received any disciplinary cases, nor are there any holds on him to justify his continued incarceration. He says that he has contacted jail personnel and they have confirmed his time, but they have told him that they are waiting on TDCJ to issue his release.

Plaintiff acknowledges that all of his grounds for relief "are being presented for the first and only time in a petition to a court." The Gregg County on-line judicial records confirm that Petitioner has not sought habeas corpus or relief in the state trial court, and the on-line records of the Texas

1

Court of Criminal Appeals do not show that Petitioner has sought any relief in that court. *See* https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c.

## II. Discussion

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. §2254(b). To exhaust in accordance with §2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (exhaustion may be accomplished directly in a petition for discretionary review or collaterally in a habeas corpus petition); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

The Fifth Circuit has held that a federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). Where the petitioner fails to exhaust state remedies, the federal district court may dismiss the petition without prejudice. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Mercadel v. Cain*, 179 F.3d 271, 274 (5th Cir.1999) (*per curiam*). This is because as a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

Petitioner affirmatively states, and court records confirm, that he has not presented any of his claims to the state courts through a petition for habeas corpus relief or other proper means. His petition for federal habeas corpus relief should be dismissed without prejudice to allow him to exhaust his state remedies by presenting his claims in state court.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the

district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

In order to obtain a certificate of appealability, the petitioner must make a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Petitioner has not shown that jurists of reason would find it debatable whether the district court was correct in its procedural ruling that he failed to exhaust state remedies. As a result, he is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies. It is further recommended that a certificate of appealability be denied *sua sponte*, with such denial referring solely to an appeal of the decision in this case and having no effect upon Petitioner's right to seek relief in state court through any proper means, or to again seek relief in federal court in the event that the state courts do not grant him the relief he seeks.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 1st day of April, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE