IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| STEVEN LEE DUVALL, | § § § | |
| Petitioner, | § § | |
| v. | § § | Case No. 6:24-cv-115-JDK-KNM |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Steven Duvall, a Gregg County Jail inmate proceeding pro se, filed this petition for the writ of habeas corpus challenging the legality of his confinement. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On April 1, 2024, Judge Mitchell issued a Report and Recommendation recommending that the Court dismiss this petition without prejudice for failure to exhaust state remedies, as required by 28 U.S.C. § 2254(b). Docket No. 5. The Report explained that as a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court, citing *Picard v. Connor*, 404 U.S. 270, 275 (1971). Because Petitioner has not presented his claims in state court, Judge Mitchell determined that he had not exhausted his state remedies. Petitioner filed objections to the Report. Docket No. 9.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Petitioner states that an appeal would not apply because he is not seeking to change or alter his sentence in any way. Instead, he asks the Court to enforce his sentence by requiring the TDCJ Director to acknowledge his sentence as imposed. He asserts that he is not aware of any state remedy that would apply, but that the federal court is the only court that has a remedy for "this rare situation on a state jail sentence and an ordered 20 percent credit on that sentence." Docket No. 9.

The Fifth Circuit has explained that, before a prisoner may file a petition for habeas corpus in federal court, the prisoner must exhaust the remedies available in the state courts. *Berkley v. Quarterman*, 310 F. App'x 665, 671 (5th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A)). The exhaustion requirement is satisfied when the substance of the federal claim has been fairly presented to the highest state court—the Court of Criminal Appeals in Texas. *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005).

The exhaustion requirement may be excused if the petitioner can demonstrate that the presentation of the claims in state court would be plainly futile. *Id.* at 492; 28 U.S.C. § 2254(b)(1)(B) (exhaustion may be excused if there is an absence of a state corrective process or if circumstances exist which render such process ineffective to protect the rights of the applicant). Exhaustion may be futile, for example, if the highest state court has recently decided the same legal question adversely to the petitioner. *See Fisher v. Texas*, 169 F.3d 295, 303 (5th Cir. 1999). The petitioner bears the burden of demonstrating that presenting the claims in state court would be futile. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Conclusory allegations that state processes are insufficient to protect the rights of a federal habeas petitioner are insufficient to invoke the § 2254(b)(1)(B) exception. *Runnels v. Sheriff, Gregg Cnty.*, 2020 WL 8361988 (E.D. Tex. Dec. 8, 2020).

Petitioner argues that he is unaware of any state remedy. But given the availability of state habeas corpus proceedings and motions to the trial court concerning enforcement of the judgment, Petitioner has not shown the absence of a state corrective process or that such process is ineffective to protect his rights. Accordingly, the Court **OVERRULES** Petitioner's objections.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct. Accordingly, the Court hereby ADOPTS the Report of the Magistrate Judge (Docket No. 5) as the opinion of the District Court. Plaintiff's petition is **DISMISSED** without prejudice for failure to exhaust state remedies. A

certificate of appealability is **DENIED** sua sponte as to an appeal of this case but with no effect on Petitioner's right to seek relief in state court through any proper means, or to return to federal court in the event that the state courts do not grant him the relief he seeks.

    So **ORDERED** and **SIGNED** this **1st** day of **May, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE